

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-16-2007

# Hernandez v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3128

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hernandez v. Comm Social Security" (2007). *2007 Decisions.* Paper 581.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/581

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-3128

———

REINA HERNANDEZ,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY,

Appellee.

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 05-cv-01717)
District Judge: Honorable Dennis M. Cavanaugh

———

Submitted Under Third Circuit LAR 34.1(a)
June 28, 2007

Before: BARRY, FUENTES, and GARTH, Circuit Judges.

(Filed:  August 16, 2007)
_____

OPINION
_____

FUENTES, Circuit Judge.

    Reina Hernandez appeals the District Court's determination that the

Commissioner's decision to deny her Disability Insurance Benefits under the Social

Security Act was based on correct legal analysis and was supported by substantial evidence.[1]  Because we agree with the District Court in all respects, we will affirm.[2]

We write primarily for the parties who are well acquainted with the facts and so will not recount them here.  Moreover, because the District Court's analysis of Hernandez's claim was thorough—in its recitation of the appropriate legal principles and its application of those principles in this case—we adopt that reasoning.  In sum, based on our independent review of the administrative record and the briefs, we agree that (1) objective medical evidence does not support Hernandez's disability claim; (2) the Administrative Law Judge (ALJ) properly exercised his discretion to evaluate, and in some instances discount, Hernandez's subjective complaints in light of the objective medical evidence; and (3) the ALJ's determination that Hernandez had the residual functional capacity to perform medium work, including her previous work as an intake

_____

[1]  Hernandez claimed that her disability arose from neck and lower back pain, asthma, chronic obstructive pulmonary disease and hepatitis C.  Among other things, a New Jersey state disability examiner found Hernandez physically capable to occasionally lift and/or carry up to 50 pounds, frequently lift and/or carry up to 25 pounds, and stand and/or walk about 6 hours in an eight-hour workday.  The medical evidence reveals that Hernandez's asthma is under control as is her hepatitis C.  Based on the medical evidence, the administrative law judge found that Hernandez retained the residual functional capacity to return to her past work as a receptionist and intake worker and thus not disabled under the Act.

[2]  The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g).  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review the Agency's factual findings only to determine whether the administrative record contains substantial evidence supporting the findings.  See 42 U.S.C. § 405(g); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000).  We exercise plenary review over all legal issues. See id.

2

worker, was supported by adequate reasoning and substantial evidence.  For these

reasons, articulated more fully by the District Court, we will affirm.